**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**


**RICHARD JONES,**

        **Plaintiff,**

    **v.**
                                 **Civil Action 2:26-cv-128**
                                   **Judge James L. Graham**
                                   **Magistrate Judge Chelsey M. Vascura**

**FRANKLIN COUNTY CHILDREN
SERVICES,** *et al.***,**

        **Defendants.**



## ORDER and REPORT AND RECOMMENDATION

Plaintiff, Richard Jones, sues Franklin County Children Services ("FCCS"), and two

FCCS employees, James Edwards, and DeJournay Ray, under 42 U.S.C. § 1983 for deprivation

of parental rights in violation of his Fourteenth Amendment procedural and substantive due

process rights. This matter is before the Court on Plaintiff's request to file a civil action *in forma*

*pauperis*. (ECF Nos. 1, 5.) The Court **GRANTS** Plaintiff's request to proceed *in forma pauperis*.

All judicial officers who render services in this action shall do so as if the costs had been

prepaid. 28 U.S.C. § 1915(a).

This matter is also before the Court for the initial screen of Plaintiff's Amended

Complaint (ECF No. 11)[1] under 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to

---

[1] Plaintiff's original Complaint was filed on February 4, 2026. (ECF No. 1-1.) Plaintiff filed a
motion for leave to supplement the Complaint on February 13, 2026 (ECF No. 8), and a motion
for leave to file supplemental pleading on February 20, 2026 (ECF No. 10.) Plaintiff then filed
the Amended Complaint on February 25, 2026. (ECF No. 11.) Because Plaintiff is permitted to
amend his Complaint once as a matter of course without leave of Court or consent of the
opposing parties at this early stage of the case (*see* Fed. R. Civ. P. 15(a)(1)), Plaintiff's Amended

recommend dismissal of Plaintiff's Amended Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons below, Plaintiff **MAY PROCEED** on his individual-capacity claims for damages and declaratory relief against Defendants Edwards and Ray, but it is **RECOMMENDED** that Plaintiff's remaining claims be **DISMISSED** under § 1915(e)(2)(B) for failure to state a claim on which relief can be granted.

Finally, for the reasons below, Plaintiff's Motion to require Defendants to Preserve Evidence (ECF No. 9), Motion for Expedited Discovery (ECF No. 6), and Motion to Compel (ECF No. 12) are **DENIED**.

## I.    SCREEN OF PLAINTIFF' AMENDED COMPLAINT

**A.    Standard of Review**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e):

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> \* \* \*
>
> (B) the action or appeal—

---

Complaint became operative upon filing and supersedes his original Complaint. Accordingly, Plaintiff's motions to supplement the complaint (ECF Nos. 8, 10) are **GRANTED**.

(i) is frivolous or malicious; [or]

(ii) fails to state a claim on which relief may be granted . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). See also *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal and factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "detailed factual allegations, a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A complaint will not "suffice if it tenders naked assertion devoid of further factual enhancement." *Id.* (cleaned up). Instead, to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Id*. (cleaned up). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "to less stringent standards than

3

formal pleadings drafted by lawyers." *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "courts should not have to guess at the nature of the claim asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

**B.    Analysis**

Plaintiff alleges that Defendants Edwards and Ray removed Plaintiff's children from his custody without a warrant or a pre-removal hearing. Defendants subsequently entered an administrative neglect determination against Plaintiff, again without notice or an opportunity to be heard prior to the determination. (Am. Compl., ECF No. 4.) The neglect determination has since been used by Defendants as a justification for ongoing restrictions on Plaintiff's visitation with his children. (See Mot. to Supplement Complaint, ECF No. 8.) Plaintiff alleges that these actions violated his procedural and substantive due process rights under the Fourteenth Amendment. His Amended Complaint seeks compensatory and punitive damages as well as declaratory relief. (Am. Compl., ECF No. 4.)

Plaintiff may proceed on his individual-capacity claims for damages and declaratory relief against Defendants Edwards and Ray. His remaining claims, however, must be dismissed.

First, Plaintiff fails to state a claim against Franklin County Children Services or Franklin County. "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Nichols v. Wayne Cty. Mich.*, 822 F. App'x 445, 448 (6th Cir. 2020) ("To state a municipal-liability claim under § 1983, the plaintiff must allege the deprivation (1) of a right secured by the Constitution or laws of the United States, (2) that was

4

directly caused by a municipal policy or custom.") (citing *Hardrick v. City of Detroit,* 876 F.3d 238, 243 (6th Cir. 2017)). A plaintiff may prove an unconstitutional "policy" or "custom" by demonstrating "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (citing *Thomas v. City of Chattanooga,* 398 F.3d 426, 429 (6th Cir. 2005)).

Plaintiff's allegations fail to establish an unconstitutional policy or custom on the part of Franklin County. As to his due process claims, he generally alleges that "the constitutional violations described herein were carried out pursuant to official policies, customs, practices, or deliberate failures to train and supervise attributable to FCCS" and that the actions of Edwards and Ray "were taken in conformity with the above-described policies or customs." (Am. Compl. ¶¶ 28, 30.) But Plaintiff alleges no facts to support his allegations that any violations of his rights were caused by a County custom or policy (as opposed to the misconduct of an individual). That is, "[h]e offers only . . . bare legal conclusions which the Court properly disregards." *Freeman v. Spoljaric*, 667 F. Supp. 3d 636, 651 (S.D. Ohio 2023) (dismissing a claim for *Monell* liability due to conclusory allegations); *see also Assi v. Hanshaw*, 625 F. Supp. 3d 722, 750 (S.D. Ohio 2022) (dismissing a claim for *Monell* liability because it was "simply too conclusory to survive"). Plaintiff's claims against Franklin County Children Services, therefore, must be dismissed.

Next, to the extent that Plaintiff advances any official-capacity claims against Edwards or Ray, those claims fail. A suit against a government official in his or her official capacity is "not a suit against the official but rather is a suit against the official's office." *Will v. Mich. Dep't of*

5

*State Police*, 491 U.S. 58, 71 (1989). Thus, "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). But, as just discussed, Plaintiff has not stated a claim against Franklin County, the relevant entity. Plaintiff's official-capacity claims against Edwards and Ray must therefore be dismissed.

## II.     PLAINTIFF'S MISCELLANEOUS MOTIONS

Plaintiff's motion to require Defendants to preserve evidence (ECF No. 9) is **DENIED**. Defendants already have an obligation to preserve relevant evidence, and Plaintiff has not alleged any facts suggesting evidence is at any special risk of loss absent a court order. *See John B. v. Goetz*, 531 F.3d 448, 459 (6th Cir. 2008) ("[B]ecause all litigants are obligated to preserve relevant information in their possession, preservation orders generally must be premised on a demonstration that a real danger of evidence destruction exists, a lack of any other available remedy, and a showing that the preservation order is an appropriate exercise of the court's discretion.") (quoting The Sedona Principles: Best Practices, Recommendations & Principles for Addressing Electronic Document Production, Second Edition 33).

Similarly, Plaintiff's motions for expedited discovery (ECF No. 6) and to compel production of safety assessment and removal authorization records (ECF No. 12) are **DENIED** as premature. Once Defendants have been served with the summons and Complaint, and the parties have conferred about a discovery plan under Federal Rule of Civil Procedure 26(f), Plaintiff may serve discovery requests on Defendants. *See* Fed. R. Civ. P. 26(d)(1).

## III.     DISPOSITION

Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (ECF Nos. 1, 5) and Plaintiff's motions to supplement the Complaint (ECF Nos. 8, 10) are **GRANTED**. Plaintiff's Motion to require Defendants to Preserve Evidence (ECF No. 9), Motion for Expedited Discovery (ECF No. 6), and Motion to Compel (ECF No. 12) are **DENIED**.

Plaintiff **MAY PROCEED** on his individual-capacity claims for damages and declaratory relief against Defendants Edwards and Ray, but it is **RECOMMENDED** that Plaintiff's remaining claims be **DISMISSED** under § 1915(e)(2)(B) for failure to state a claim on which relief can be granted.

If Plaintiff wishes to have the United States Marshal effect service of the summons and Complaint on Defendants Edwards and Ray, Plaintiff is **DIRECTED** to file a completed summons form (Form AO-440) and a service of process by U.S. Marshal form (Form USM-285) for each Defendant, and to submit two service copies of the Amended Complaint (ECF No. 11) to the Clerk of Court.[2] If Plaintiff does so, the Clerk is **DIRECTED** to issue the summonses and the United States Marshal is **DIRECTED** to serve by certified mail upon Defendants Edwards and Ray the issued summons, a copy of the Amended Complaint, and a copy of this Order and Report and Recommendation.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive

---

[2] The Court acknowledges that Plaintiff previously submitted summons and U.S. Marshal forms along with his original Complaint (ECF Nos. 1-3, 1-4); however, those forms are deficient because Plaintiff did not fill in his name and address in all the necessary locations.

further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED**.

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE