UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


RICHARD JONES,

        Plaintiff,

    v.                          Civil Action 2:26-cv-128
                                       Judge James L. Graham
                                       Magistrate Judge Chelsey M. Vascura

JAMES EDWARDS, *et al.*,

        Defendants.


**ORDER and REPORT AND RECOMMENDATION**

Plaintiff, Richard Jones, sues Franklin County Children Services ("FCCS") and several of its employees under 42 U.S.C. § 1983 for deprivation of parental rights in violation of the First, Fourth, and Fourteenth Amendments. After screening Plaintiff's First Amended Complaint under 28 U.S.C. § 1915(e)(2), the undersigned issued an Order and Report and Recommendation that granted Plaintiff's motion for leave to proceed *in forma pauperis* and permitted Plaintiff to proceed on his individual-capacity claims for damages and declaratory relief against Defendants James Edwards and DeJounray Ray, but recommended dismissing Plaintiff's remaining claims for failure to state a claim on which relief can be granted. (ECF No. 14.) Plaintiff did not object to that recommendation, but instead obtained leave of Court to amend his Complaint. (ECF Nos. 25, 27.) On April 17, 2026, Plaintiff filed his Second Amended Complaint (ECF No. 36), which supersedes the First Amended Complaint.

Accordingly, the undersigned's prior recommendation that Plaintiff's First Amended Complaint be dismissed in part is **VACATED** and this matter is before the Court for the initial

screen of Plaintiff's Second Amended Complaint under § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Second Amended Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. For the reasons below, Plaintiff **MAY PROCEED** on his individual-capacity Fourth and Fourteenth Amendment claims for damages and declaratory relief against Defendants Edwards, Ray, Creager, and Stapleton, but it is **RECOMMENDED** that Plaintiff's remaining claims be **DISMISSED** under § 1915(e)(2)(B) for failure to state a claim on which relief can be granted.

This matter is further before the Court on Plaintiff's Motion to Obtain Electronic Case Filing Rights (ECF No. 38), which is **GRANTED**.

## I.     SCREEN OF PLAINTIFF'S AMENDED COMPLAINT

**A.     Standard of Review**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e):

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
>     * * *
>
> (B) the action or appeal—
>
>     (i) is frivolous or malicious; [or]
>
>     (ii) fails to state a claim on which relief may be granted . . . .

2

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). See *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal and factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "detailed factual allegations, a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A complaint will not "suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (cleaned up). Instead, to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Id*. (cleaned up). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612,

3

614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "courts should not have to guess at the nature of the claim asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

**B.** **Analysis**

Plaintiff alleges that four FCCS employees (Defendants James Edwards, DeJournay Ray, Millsum Creager, and Ryan Stapleton) were involved in the removal of Plaintiff's children from his custody without a warrant or a pre-removal hearing. Specifically, "Defendant Creager facilitated the initial removal and failed to report abuse"; "Defendant Edwards continued the removal and maintained restrictions in a retaliatory manner"; "Defendant Ray participated in supervisory decisions related to removal and continued deprivation"; and "Defendant Stapleton approved or allowed continued separation despite authority to intervene." (2d Am. Compl. ¶¶ 26–29.) Plaintiff alleges that these actions violated his First, Fourth, and Fourteenth Amendment rights. His Second Amended Complaint seeks compensatory and punitive damages as well as declaratory relief. ( *Id.* at 3–4.)

Plaintiff may proceed on his individual-capacity claims for damages and declaratory relief against Defendants Edwards, Ray, Creager, and Stapleton. His remaining claims, however, must be dismissed.

First, Plaintiff fails to state a claim against FCCS or Franklin County. "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Nichols v. Wayne Cty. Mich.*, 822 F. App'x 445, 448 (6th Cir. 2020) ("To state a municipal-liability claim under § 1983, the plaintiff must allege the deprivation (1) of a

4

right secured by the Constitution or laws of the United States, (2) that was directly caused by a municipal policy or custom.") (citing *Hardrick v. City of Detroit,* 876 F.3d 238, 243 (6th Cir. 2017)). A plaintiff may prove an unconstitutional "policy" or "custom" by demonstrating "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *Wright v. City of Euclid, Ohio*, 962 F.3d 852, 880 (6th Cir. 2020).

Plaintiff's allegations fail to establish an unconstitutional policy or custom on the part of Franklin County. Plaintiff generally alleges that the individual Defendants' actions "were taken under policies, customs, or practices of FCCS" and that "FCCS failed to train and supervise its employees adequately regarding constitutional limits." (2d Am. Compl. ¶¶ 24–25, ECF No. 36.) But Plaintiff alleges no facts to support his allegations that any violations of his rights were caused by a County custom or policy (as opposed to the misconduct of an individual). That is, "[h]e offers only . . . bare legal conclusions which the Court properly disregards." *Freeman v. Spoljaric*, 667 F. Supp. 3d 636, 651 (S.D. Ohio 2023) (dismissing a claim for *Monell* liability due to conclusory allegations); *see also Linden v. City of Southfield, Michigan*, 75 F.4th 597, 606 (6th Cir. 2023) (upholding the dismissal of a *Monell* claim based on a city's inadequate training when the complaint "marshal[ed] no facts to support this bare conclusion"). Plaintiff's claims against FCCS, therefore, must be dismissed.

Next, to the extent that Plaintiff advances any official-capacity claims against Edwards, Ray, Creager, or Stapleton, those claims fail. A suit against a government official in his or her official capacity is "not a suit against the official but rather is a suit against the official's office." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, "an official-capacity suit is, in

all respects other than name, to be treated as a suit against the entity." *S.L. ex rel. K.L. v. Pierce Twp. Bd. of Trs.*, 771 F.3d 956, 962 (6th Cir. 2014) (quoting *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)). But, as just discussed, Plaintiff has not stated a claim against Franklin County, the relevant entity. Plaintiff's official-capacity claims against Edwards, Ray, Creager, and Stapleton must therefore be dismissed.

Finally, Plaintiff's First Amendment retaliation claims must be dismissed. A First Amendment retaliation claim involves three elements:

> (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by the plaintiff's protected conduct.

*Whiting v. City of Athens, Tennessee*, 170 F.4th 439, 448 (6th Cir. 2026) (quoting *Thaddeus–X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999)). Plaintiff's retaliation claim fails on the first element, because he has not identified any conduct he engaged in that is protected by the First Amendment. Plaintiff alleges only that he "rais[ed] concerns and exercis[ed] protected rights." (2d Am. Compl. 3, ECF No. 36.) These allegations are too conclusory to raise a plausible inference that Defendants retaliated against him based on protected First Amendment conduct. Accordingly, Plaintiff's First Amendment retaliation claim must be dismissed.

## II.     PLAINTIFF'S MOTION TO OBTAIN ELECTRONIC CASE FILING RIGHTS

Plaintiff has also filed a Motion to Obtain Electronic Case Filing Rights (ECF No. 38). For good cause shown, the Motion is **GRANTED** to the extent that Plaintiff may participate in e-filing only as to this particular case and conditional on his compliance with all applicable e-filing requirements. If he has not already done so, Plaintiff is **DIRECTED** to create a PACER account, and then complete the electronic filing registration for the Southern District of Ohio, as explained at https://pacer.uscourts.gov/register-account/non-attorney-filers-cmecf.

6

Plaintiff is **REMINDED** that failure to adhere to all applicable e-filing requirements will likely result in the revocation of permission to participate in e-filing. Plaintiff is specifically **CAUTIONED** that failure to update his email address and monitor his email account (including his "junk mail" or spam folder) for court filings may result in the Court's dismissal of the action. *Cf. Yeschick v. Mineta*, 675 F.3d 622, 630 (6th Cir. 2012) (affirming district court's denial of motion for relief from judgment where counsel's neglect in failing to check docket until more than a month after he learned that he was not receiving notice of electronic filings because he failed to update his email address on file with the district court); *Equal Emp't Opportunity Comm'n v. Indi's Fast Food Rest., Inc.*, No. 3:15-cv-00590, 2016 WL 7473130, at *6 (W.D. Ky. Dec. 28, 2016) (noting that defense counsel represented that "he did not receive any Court-related notices or emails because they were all sent to his 'junk mail' folder" and finding that "[d]efense counsel's non-receipt of emails does not relieve his responsibility to monitor the Court's docket and keep apprised of developments within his active cases, which he failed to do here").

Plaintiff is further **CAUTIONED** that his electronic filing access may be revoked at any time.

### III.    DISPOSITION

Plaintiff's Motion to Obtain Electronic Case Filing Rights (ECF No. 38) is **GRANTED**. For the reasons above, the portion of the undersigned's March 20, 2026 Order and Report and Recommendation (ECF No. 14) that recommended dismissal of portions of Plaintiff's First Amended Complaint is **VACATED**. For clarity, the portion of that Order and Report and Recommendation that granted Plaintiff's motion for leave to proceed *in forma pauperis* remains in effect.

Plaintiff **MAY PROCEED** on his individual-capacity Fourth and Fourteenth Amendment claims for damages and declaratory relief against Defendants Edwards, Ray, Creager, and Stapleton. It is **RECOMMENDED** that Plaintiff's remaining claims in his Second Amended Complaint be **DISMISSED** for failure to state a claim jurisdiction under § 1915(e)(2).

Plaintiff has already submitted the necessary forms to have the United States Marshal effect service on Defendants Edwards and Ray. If Plaintiff wishes to have the United States Marshal effect service of the summons and Second Amended Complaint on Defendants Creager and Stapleton, Plaintiff is **DIRECTED** to file a completed summons form (Form AO-440) and a service of process by U.S. Marshal form (Form USM-285) for each of Creager and Stapleton, and to submit two service copies of the Second Amended Complaint (ECF No. 36) to the Clerk of Court. If Plaintiff does so, the Clerk is **DIRECTED** to issue the summonses and the United States Marshal is **DIRECTED** to serve by certified mail upon Defendants Creager and Stapleton the issued summons, a copy of the Second Amended Complaint, and a copy of this Order and Report and Recommendation.

## **PROCEDURE ON OBJECTIONS**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive

further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE